## BERNARD H. PORTER *v.* JAMES C. PLATT.

*Trial, Conduct of. Practice ·Attorney. Evidence. Variance. Question for Jury.*

1. When an official reporter is not present at a trial to take down the exact words,— the court having made no minutes,—and counsel disagree as to what a witness said on a matter material to the issue, it is not only proper for the court to submit the question to the jury, but it is its duty to do so; and this is so, although the defendant moved for a non-suit on the ground of variance.
2. In such a case, the testimony of an attorney with his minutes taken on trial, is not admissible to strengthen or weaken that of a witness given on the same trial.

ASSUMPSIT. Plea, general issue. Trial by jury, September Term, 1884, TAFT, J., presiding. Judgment for the plaintiff.

*H. Ballard* and *D. J. Foster*, for the plaintiff.

*A. G. Safford* and *H. N. Deavitt*, for the defendant.

The opinion of the court was delivered by

WALKER, J.    The exceptions show that the plaintiff and defendant, on the 11th day of February, 1883, had been co-partners in the milk business during the preceding three months; that the plaintiff had originally invested $60, and was liable to pay something more to the defendant in order to become an equal owner; and that the testimony of the plaintiff in direct examination tended to show, that on the 11th day of February, 1883, the plaintiff proposed to sell to the defendant his interest in the business, and that there-upon the plaintiff and defendant agreed, that the plaintiff was to transfer to the defendant all his interest in the prop-erty and assets of the firm, and quit the business; and that the defendant was to pay the plaintiff in consideration therefor the sum of $60 which the plaintiff had originally invested in the business; and in addition, a reasonable sum for the services of the plaintiff during the time they had thus been in business together; and the plaintiff by virtue of this agreement quit the business and the defendant be-came the owner of the entire business.    This suit is brought to recover the foregoing sums.    The declaration contains a special count and the common counts in assumpsit.

The plaintiff's testimony did not show that the amount of the reasonable sum to be paid him by the defendant had ever been determined or agreed upon by the parties.    The defendant's counsel claimed that the plaintiff on cross-ex-amination testified that he proposed and defendant agreed to leave the question of the amount of such reasonable sum to one or the other of the fathers of the parties.    The plain-tiff's counsel claimed that he did not so testify.    The plain-tiff's testimony tended to show, that there had never been any submission or attempt to submit the matter to either of the persons mentioned.

After the plaintiff rested his case the defendant moved for a non-suit, upon the ground that no recovery could be had under the special count, because the contract which the

plaintiff's testimony tended to show in respect to the ascertainment of such reasonable sum, was not in accordance with the contract set forth in the declaration; and that there was a variance between the allegations and the proof in that respect; and that there could be no recovery under the common counts, because the submission of this question in the manner testified to by the plaintiff had not been attempted prior to the commencement of this suit.

A controversy thereupon arose between the counsel for the plaintiff and the counsel for the defendant, the counsel for the defendant claiming, that the plaintiff in his cross-examination had testified that the submission of the question as to the reasonable sum which he was to receive for his services was an integral part of the contract of purchase by the defendant; the counsel for the plaintiff claiming, that the plaintiff did not so testify in his cross-examination, and that his testimony was simply to the effect, that the plaintiff had only suggested that method of arriving at the reasonable sum to be paid.

There was no official reporter present at the trial, and the court did not take minutes of the plaintiff's cross-examination. The County Court did not determine the controversy as to what the plaintiff's testimony was in this respect; but stated, that although his testimony might bear the construction claimed by the defendant, still it was for the jury to say whether the witness meant to be understood as saying that it was a part of the contract, or merely talked about at the time the contract was made, as a method of determining what such reasonable sum was; and stated that he should leave the question, as to whether it was a part of the contract or not, to the jury. To such action of the court the defendant excepted. The defendant then called the plaintiff, and inquired of him, if he did not testify as the defendant had claimed upon making the motion for a nonsuit. To which he replied, " I think not "; and, " I did not mean to be so understood."

We think the County Court committed no error in its action in respect to the controversy, as to what the plaintiff testified to in his cross-examination. There was manifestly no other safe course for the court to have adopted. There was no official reporter present, who had taken down the plaintiff's testimony; the court had taken no minutes of his cross-examination; and counsel disagreed as to what was actually said by the plaintiff, and as to what the plaintiff meant to be understood as saying by what he did say. The court had not the means of determining what the plaintiff said, nor what he meant to be understood as saying by what he did say without making itself the trier of the fact. What other safe course could have been taken? The plaintiff's testimony had reference to the contract on which the plaintiff relied for recovery in the action on trial, and was very material to the issue before the jury. The jury had heard it; and it was for them and not the court to consider and determine not only what was said, but particularly what the plaintiff meant by what he said. The court has not the right in such a controversy to construe the language of a witness, and give to the jury the meaning of the witness by the words used. What the witness says in his testimony on the trial of a cause, when the exact words have not been taken down as uttered, is a question for the jury; and emphatically so, the sense in which they are used.

In this case the language of the plaintiff had been such as to raise a question in the minds of the counsel as to what he said and as to what he meant by what he said, and upon a question, too, that was material to the issue. Should the court, under such circumstances, have usurped the duty of the jury and made itself a court of inquiry to determine the fact, and then have given to the jury for their guidance its construction of the plaintiff's language? Such a course of procedure would have been manifestly wrong, and an infringement on the prerogative of the jury. The question

Porter *v.* Platt.

raised by the exceptions was clearly one for the jury alone, and was properly referred to them.

And again, the defendant cannot complain, as he was not injured by the action of the court in respect to the plaintiff's testimony on his cross-examination. He was improved as a witness, and denied making any agreement with the plaintiff as to the subject-matter of the trial, or having any negotiations with him in respect thereto; and it appears from the exceptions that the plaintiff and defendant were the only witnesses as to that question.

The court instructed the jury upon the point in controversy, that if they found the parties agreed to a submission of any part of the sum which the plaintiff was to receive, to the parents of either party, then the plaintiff could not recover; and submitted on that point the following special verdict: "Was it a part of the contract agreed to by the parties, that the amount the plaintiff was to receive for his services should be determined by the father of either of the parties?"

The court thus gave the defendant the benefit of all he was entitled to from the evidence of the plaintiff on his cross-examination.

The jury returned a general verdict for the plaintiff, and answered the special verdict in the negative; so that it is apparent the jury found the fact as to what the plaintiff testified to and meant to be understood by what he said in reference to a submission, against the claim made by the defendant's counsel. The result shows the wisdom of submitting the question to the jury; and such a course was in keeping with the policy of the law.

The offer of the defendant in putting in his case to prove by D. J. Foster, one of the plaintiff's counsel, and his minutes of testimony taken on trial, that the plaintiff did testify in his cross-examination upon the point of the submission to one of the fathers of the parties, of the amount of the reasonable sum to be paid for the plaintiff's services,

precisely as claimed by the defendant, was properly excluded.

The admission of such testimony rests neither upon principle nor authority. A witness's testimony given on the trial of a cause cannot in the same trial be strengthened or weakened by the testimony of counsel or by-standers or any person as to what counsel or others understood the witness to say in his testimony; that is always a question for the jury. When they have heard the testimony it must be left with them. It is their duty to remember it, determine its meaning, and give it its due weight. The admission of the testimony of counsel and by-standers for the purpose of the offer would tend to confuse rather than to aid the jury, and to subvert rather than promote justice. Such a practice would tend to sink a jury trial to the level of a bar-room wrangle.

Judgment affirmed.